1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**FILED**
CLERK, U.S. DISTRICT COURT

December 18, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____*1. Gomez*_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARCOS CERAS,                                    )   Case No. CV 14-09177 RGK (AN)
                                                 )
        Petitioner,                      )   **ORDER TO SHOW CAUSE RE**
                                                 )   **DISMISSAL OF PETITION FOR**
        v.                               )   **WRIT OF HABEAS CORPUS BY A**
                                                 )   **PERSON IN STATE CUSTODY**
G. J. JANDA, Warden,                             )
                                                 )
        Respondent.                      )
                                                 )
                                                 )
_____                )

19

20

21

22

23

24

25

26

27

28

**1. BACKGROUND**

     Before the Court is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by Marcos Ceras ("Petitioner"), a state prisoner proceeding *pro se*. Petitioner was convicted, following a jury trial in the California Superior Court for Los Angeles County, of attempted murder, shooting at an inhabited dwelling, and assault with a firearm, with findings that he personally fired a gun and personally inflicted great bodily injury. Petitioner was sentenced to a term of ten years and eight months, plus fifty years to life, in state prison (case no. PA047668).

///

1    The pending Petition raises six claims challenging Petitioner's judgment of
2  conviction. For the reasons set forth below, Petitioner is ordered to show cause why
3  his Petition should not be dismissed with prejudice because it is time-barred and the
4  claims are procedurally defaulted.

## 2. DISCUSSION

### 2.1    Standard of Review

7    Rule 4 of the Rules Governing Section 2254 Cases in the United States District
8  Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly
9  examine" a habeas petition and "[i]f it plainly appears from the petition and any
10  attached exhibits that the petitioner is not entitled to relief in the district court, the
11  judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule
12  72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a
13  petition for writ of habeas corpus, and if it plainly appears from the face of the petition
14  and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate
15  Judge may prepare a proposed order for summary dismissal and submit it and a
16  proposed judgment to the District Judge." C.D. Cal. R. 72-3.2.

17    An untimely habeas petition may be dismissed *sua sponte* if the court gives the
18  petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S.
19  198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir.
20  2001).

21    As for procedural default, "a habeas court . . . should exercise its discretion to
22  raise procedural default sua sponte if doing so furthers" the interests of comity,
23  federalism, and judicial efficiency. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir.
24  1998); *see also Windham v. Merkle*, 163 F.3d 1092, 1100-01 (9th Cir. 1998). This
25  principle "applies with even stronger force where, as here, the State has not waived the
26  defense" because it has not yet been served with the petition or filed any response.
27  *Boyd*, 147 F.3d at 1128. Where the procedural default is "easily identifiable on the face
28  of the petition," it would "waste scarce judicial resources for the district court to cause

1    the facially defective petition to be served on the State and to entertain the State's

2    ensuing motion to dismiss." *Id.* However, before summarily dismissing a petition as

3    procedurally defaulted, the court must give a petitioner notice of the procedural default

4    and an opportunity to respond, and must make clear to a *pro se* petitioner the

5    procedural default at issue and the consequences for failing to respond. *Id.*

6    **2.2    Statute of Limitations**

7        The Petition is governed by the Antiterrorism and Effective Death Penalty Act

8    of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state

9    prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the

10   limitations period is triggered by "the date on which the judgment became final by

11   conclusion of direct review or the expiration of the time for seeking such review." 28

12   U.S.C. § 2244(d)(1)(A).

13       The Petition and Petitioner's relevant state court records[1] establish the following

14   facts. Petitioner was sentenced for the above offenses on March 23, 2012. On April 17,

15   2013, the California Court of Appeal affirmed the judgment (case no. B240200). The

16   California Supreme Court then denied review of the court of appeal's decision on July

17   10, 2013 (case no. S210801). Petitioner does not allege, and it does not appear, that he

18   filed a petition for certiorari in the United States Supreme Court. (Pet. at 2-3; state

19   court records; *see also* Supreme Court Docket, available on the Internet at

20   http://www.supremecourt.gov.)

21       Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment

22   became final on October 8 2013, the ninetieth day after the state high court denied his

23   petition for review and the last day for him to file a petition for certiorari with the

24

25       [1]    The Court takes judicial notice of Internet records relating to this action in

26   the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state
     court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts
27   may take judicial notice of related state court documents), *overruled on other grounds*
28   *as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

1  Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of

2  limitations then started to run the next day, on October 9, 2013, and ended on October

3  9, 2014. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243,

4  1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the

5  triggering event under Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his

6  pending Petition until November 19, 2014 -- forty-one days after the expiration of the

7  limitations period.[2]

8       Accordingly, absent some basis for tolling or an alternative start date to the

9  limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

10      **2.2.1  Statutory Tolling**

11      AEDPA includes a statutory tolling provision that suspends the limitations

12  period for the time during which a "properly-filed" application for post-conviction or

13  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

14  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

15  Cir. 2005). An application is "pending" until it has achieved final resolution through

16  the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

17  2134 (2002). The Court finds Petitioner is not entitled to statutory tolling for the

18  reasons set forth below.

19  ///

20  ///

21      **2.2.1.1       Background Facts**

22

23      [2]    Pursuant to the "prison mailbox rule," a *pro se* prisoner's federal habeas

24  petition is deemed to be filed on the date the prisoner delivers the petition to prison
   authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct.

25  2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas

26  Rule 3(d). For purposes of the Court's timeliness analysis, and absent any evidence to
   the contrary, the Court assumes Petitioner constructively filed the Petition by

27  delivering it to the prison mail system on November 19, 2014, which is the date

28  handwritten by a prison official on the back of the envelope containing the Petition.

1    Petitioner's state court records and the exhibits to his Petition establish he has
2    filed two state habeas petitions, one in the superior court (case no. PA047668) and one
3    in the California Court of Appeal (case no. B259109). (Pet. at 3-4; Appendix to the
4    Petition ("App.") C; state court records.) Petitioner also claims to have filed a third
5    habeas petition in the California Supreme Court, which is currently pending. (Pet. at
6    3, 9.) However, Petitioner has failed to provide a filing date or case number for that
7    alleged petition, and his state court records do not reflect any habeas petition being
8    filed in the California Supreme Court. (Pet. at 4, 9; state court records.) Therefore,
9    absent evidence to the contrary, the Court finds Petitioner has only filed two state
10   habeas petitions. *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) (the petitioner
11   "bears the burden of proving that the statute of limitation was tolled.").

12   The first of Petitioner's state habeas petitions was constructively filed on July
13   16, 2014, and denied on July 23, 2014. (Pet. at 3; App. C); *see also Stillman v.*
14   *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (the prison mailbox rule applies to *pro*
15   *se* state habeas petitions). The superior court denied that petition on the following
16   grounds: (1) "Petitioner has failed to explain and justify the significant delay in seeking
17   habeas relief," with a citation to *In re Clark*, 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509
18   (1993); (2) issues raised in Petitioner's habeas petition could have been raised on direct
19   appeal, with citations to *In re Harris*, 5 Cal. 4th 813, 21 Cal. Rptr. 2d 373 (1993); and
20   *In re Dixon*, 41 Cal. 2d 756 (1953); (3) state habeas review is unavailable to assess the
21   credibility of trial witnesses or re-weigh the evidence; and (4) Petitioner's ineffective
22   assistance of counsel ("IAC") claims lacked merit. (App. C.)

23   ///

24   ///

25   ///

26   ///

27   ///

28   Petitioner filed his second state habeas petition in the California Court of Appeal

Page 5

1  on September 30, 2014 (case no. B259109). (State court records.[3/]) The state court of

2  appeal denied that petition on October 29, 2014, with the following comment:

3      The petition is denied without prejudice to [P]etitioner's filing a new

4      petition in the Los Angeles Superior Court that includes: (1) a declaration

5      from trial counsel, or (2) if trial counsel does not respond to petitioner

6      within a reasonable amount of time, then [P]etitioner's own declaration

7      explaining how petitioner has attempted to contact trial counsel and the

8      results of those attempts, with supporting documentation.

9  (State court records.) There is no indication in the pending Petition whether Petitioner

10  has re-filed a habeas petition in the superior court.

11        **2.2.1.2    Analysis**

12        **2.2.1.2.1    First State Habeas Petition**

13      Petitioner is not entitled to statutory tolling for the pendency of his first state

14  habeas petition in the superior court because that petition was not "properly filed" for

15  purposes of AEDPA's statutory tolling provision. Specifically, that petition was not

16  "properly filed" because it was expressly denied by the superior court as untimely

17  under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807 (2005); *Allen*

18

19      [3/]    Petitioner purports to have turned his second state habeas petition over to

20  the prison authorities for mailing on August 26, 2014. (Pet. at 4.) Although the

21  constructive filing date of that petition is not currently relevant to the Court's

22  timeliness analysis, to the extent it becomes relevant for any reason, and in light of the

23  unusual 35-day delay between the date Petitioner purports to have constructively filed

24  that petition and the date it was actually filed with the clerk (September 30, 2014), the

25  Court will require further factual development before making a determination as to the

26  constructive filing date of that petition, most likely by directing Petitioner to lodge a

27  copy of the original envelope in which he mailed it, or a copy of the relevant prison

28  mail log. *See Banjo*, 614 F.3d at 967 (the petitioner bears the burden of establishing tolling); *see also Houston*, 487 U.S. at 275 ("Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.").

1  *v. Siebert*, 552 U.S. 3, 7, 128 S. Ct. 2 (2007) ("We . . . reiterate now what we held in

2  *Pace*: When a postconviction petition is untimely under state law, that is the end of the

3  matter for purposes of § 2244(d)(2).") (internal quotation marks, brackets, and citation

4  omitted); *Lakey v. Hickman*, 633 F.3d 782, 785-86 (9th Cir. 2011) ("[W]e have

5  consistently held that statutory tolling is unavailable where a state habeas petition is

6  deemed untimely under California's timeliness standards.") (internal quotation marks

7  and citation omitted); *see also Walker v. Martin*, 562 U.S. 307, 131 S. Ct. 1120, 1124

8  (2011) ("California courts signal that a habeas petition is denied as untimely by citing

9  the controlling decisions, i.e., *Clark* and *Robbins*.").

10      Further, this result is unaltered by the fact that the superior court alternatively

11  denied some claims on the merits. *See Bonner*, 425 F.3d at 1148-49 ("[T]he fact that

12  the superior court also denied [the petitioner's] petition on the merits [does not] save

13  his petition. Because the California courts dismissed [the petitioner's] petition as

14  untimely, his petition was not 'properly filed' under AEDPA. Accordingly, he is not

15  entitled to tolling under § 2244(d)(2)."); *see also Saffold*, 536 U.S. at 225-26 ("A court

16  will sometimes address the merits of a claim that it believes was presented in an

17  untimely way: for instance, where the merits present no difficult issue; where the court

18  wants to give a reviewing court alternative grounds for decision; or where the court

19  wishes to show a prisoner (who may not have a lawyer) that it was not merely a

20  procedural technicality that precluded him from obtaining relief.").

21      Additionally, while the Ninth Circuit has pointed to two situations in which the

22  higher state court's subsequent decision can overrule the lower court's determination

23  of untimeliness, this Court finds neither situation is presented here. First, a higher state

24  court may expressly overrule a lower court's timeliness determination. *See Campbell*

25  *v. Henry*, 614 F.3d 1056, 1061 (9th Cir. 2010) (where the California Court of Appeal's

26  order expressly stated that one of the claims was "not subject to the bar of

27  untimeliness" under state law, the "earlier incorrect determination by the Superior

28  Court that the claim was untimely is thus of no force or effect."). However, here, the

1     California Court of Appeal's denial of Petitioner's second state habeas petition did not

2     include any substantive comment. *Walker*, 131 S. Ct. at 1124 ("A spare order denying

3     a petition without explanation or citation ordinarily ranks as a disposition on the

4     merits. (Citations omitted.) California courts may elect to pretermit the question

5     whether a petition is timely and simply deny the petition, thereby signaling that the

6     petition lacks merit."). Consequently, the superior court's untimeliness ruling in this

7     case was not expressly overruled. *See Evans v. Chavis*, 546 U.S. 189, 194, 126 S. Ct.

8     846 (2006) ("If the appearance of the words 'on the merits' does not automatically

9     warrant a holding that the filing was timely, the absence of those words could not

10    automatically warrant a holding that the filing was timely.").

11         Second, in *Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011), a three-judge

12    panel of the Ninth Circuit found that, even without presuming that a state court's

13    summary denial meant the court found a habeas petition timely, there were

14    nevertheless "compelling factual circumstances" in that case "signaling that the [higher

15    state court] did consider and reject the State's timeliness argument." Specifically,

16    *Trigueros* found the higher state court impliedly overruled the lower court's

17    untimeliness finding because, prior to the higher court's summary denial: (1) the higher

18    court requested informal briefing on the merits, which was "highly significant"; and

19    (2) the parties briefed the timeliness issue in the higher court, and therefore, that court

20    "had before it all of the timeliness arguments from the parties." *Id.* at 990-91.

21    However, neither of *Trigueros*'s "compelling" or "highly significant" circumstances

22    existed here. The California Court of Appeal did not order any briefing on any issue;

23    indeed, that court's only action was to deny the petition less than a month after it was

24    filed without substantive comment or any citations. (State court records.)

25         Moreover, the fact that the California Court of Appeal denied the second petition

26    without prejudice to Petitioner "filing a new petition in the Los Angeles Superior

27    Court" is also not an indication that the court impliedly found the petition timely or

28    overruled the superior court's untimeliness ruling. Very significantly, the court of

1    appeal's denial was without prejudice *only* as to Petitioner's IAC claims - the very

2    claims the superior court denied on the merits despite finding the first petition

3    untimely. (App. C; state court records.) The court of appeal's ruling was not

4    inconsistent with the superior court's untimeliness ruling at all, as the superior court's

5    order denying the first petition indicates it would again consider Petitioner's IAC

6    claims on the merits despite the fact the petition was untimely. *See Saffold*, 536 U.S.

7    at 225-26.

8         Based upon the foregoing, the Court finds *Trigueros* is distinguishable and

9    inapplicable here, and that nothing in the court of appeal's order expressly or impliedly

10   overruled the superior court's ruling that Petitioner's first state habeas petition was

11   untimely under state law.

12        Lastly, Petitioner argues the superior court's ruling that his first petition was

13   untimely was erroneous because that petition was filed while the AEDPA limitations

14   period was still running. (*See* Motion for Stay [4] at 2.) Petitioner's argument is

15   rejected. AEDPA governs only the filing of *federal* habeas petitions, but under

16   California's timeliness standard, "a [habeas] petition should be filed as promptly as the

17   circumstances allow." *In re Clark*, 5 Cal. 4th at 765 n. 5. Put another way, a prisoner

18   must seek habeas relief without "substantial delay." *In re Robbins*, 18 Cal. 4th 770,

19   780, 77 Cal. Rptr. 2d 153 (1998). Notably here, the timeliness of a state habeas petition

20   is "measured from the time the petitioner or his or her counsel knew, or reasonably

21   should have known, of the information offered in support of the claim and the legal

22   basis for the claim." *Id.* Because the delay is measured from when the petitioner knew

23   of the grounds for relief, "[t]hat time may be as early as the date of conviction." *In re*

24   *Clark*, 5 Cal. 4th at 765 n. 5.

25        Here, the superior court found that Petitioner's claims could have been raised

26   in his direct appeal, which was denied on April 17, 2013, approximately fifteen months

27   before he raised them in a state habeas petition. (App. C; state court records.)

28   Moreover, to the extent Petitioner raised the same claims in that petition which he

Page 9

1   raises here - ineffective assistance of trial counsel, the denial of his right to present a

2   defense, *Batson* error, and cumulative trial error - he should reasonably have

3   discovered these grounds as early as his date of conviction. *In re Clark*, 5 Cal. 4th at

4   765 n. 5; *In re Robbins*, 18 Cal. 4th at 780. Consequently, this Court finds the superior

5   court's untimeliness ruling was reasonable, and Petitioner's argument to the contrary

6   is rejected.

7        Based upon the foregoing, Petitioner is not entitled to statutory tolling for the

8   pendency of his first state habeas petition, because that petition was not "properly

9   filed." *Pace*, 544 U.S. at 414; *Allen*, 552 U.S. at 7; *Lakey*, 633 F.3d at 785-86.

10        **2.2.1.2.2   Interval Tolling**

11        On state collateral review, "intervals between a lower court decision and a filing

12   of a new petition in a higher court," when reasonable, fall "within the scope of the

13   statutory word 'pending,'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221,

14   223; *Chavis*, 546 U.S. at 192. However, Petitioner is not entitled to any interval (a.k.a.

15   "gap") tolling for the period between the denial of his first state habeas petition and the

16   filing of his second because his first petition was ruled untimely. An untimely state

17   habeas petition "must be treated . . . as though it never existed[] for purposes of section

18   2244(d)." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). It follows that there

19   is no gap to toll.

20        **2.2.1.2.3   Second State Habeas Petition**

21        Petitioner is also not entitled to statutory tolling for his second state habeas

22   petition. Under the "look through" doctrine, that petition, summarily denied without

23   substantive comment or citation, is deemed to have been rejected for the reasons set

24   forth in the superior court's order. *See Bonner*, 425 F.3d at 1148 n.13 ("We must

25   determine what the superior court's order means because that was the last - and only

26   - reasoned decision . . . .") (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct.

27   2590 (1991)). Consequently, Petitioner's second state habeas petition is also deemed

28   to have been rejected as untimely under California law and is not subject to statutory

1    tolling. *Id.* at 1146-47, 1149 (holding that, where the superior court denied the first

2    state habeas petition in part as untimely, the court of appeal denied the second state

3    habeas petition "for the reasons stated in the superior court's" order, and the California

4    Supreme Court denied the third state habeas petition without comment or citation, the

5    petitioner was not entitled to statutory tolling during the pendency of *any* of the three

6    petitions).

7           Based upon the foregoing, Petitioner is not entitled to any statutory tolling for

8    the pendency of his two state habeas petitions.

9                    **2.2.2  Alternative Start of the Statute of Limitations**

10                           **2.2.2.1       State-Created Impediment**

11          In rare instances, AEDPA's one-year limitations period can run from "the date

12   on which the impediment to filing an application created by State action in violation

13   of the Constitution or laws of the United States is removed, if the applicant was

14   prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that

15   the statute of limitations was delayed by a state-created impediment requires

16   establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

17   The Petition does not set forth any facts for an alternate start date of the limitations

18   period under this provision.

19                           **2.2.2.2       Newly Recognized Constitutional Right**

20          AEDPA provides that, if a claim is based upon a constitutional right that is

21   newly recognized and applied retroactively to habeas cases by the United States

22   Supreme Court, the one-year limitations period begins to run on the date which the

23   new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

24   The Petition does not set forth any facts for an alternate start date of the limitations

25   period under this provision.

26   ///

27                           **2.2.2.3       Discovery of Factual Predicate**

28          AEDPA also provides that, in certain cases, its one-year limitations period shall

1    run from "the date on which the factual predicate of the claim or claims presented
2    could have been discovered through the exercise of due diligence." 28 U.S.C. §
3    2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition
4    does not set forth any facts for an alternate start date of the limitations period under this
5    provision.

6            **2.2.3  Equitable Tolling**

7            AEDPA's limitations period "is subject to equitable tolling in appropriate
8    cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically,
9    "a litigant seeking equitable tolling bears the burden of establishing two elements: (1)
10   that he has been pursuing his rights diligently, and (2) that some extraordinary
11   circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence v. Florida*, 549 U.S.
12   327, 336, 127 S. Ct. 1079 (2007).

13           However, "[e]quitable tolling is justified in few cases" and "the threshold
14   necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions
15   swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting
16   Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we
17   do not require [the petitioner] to carry a burden of persuasion at this stage in order to
18   merit further investigation into the merits of his argument for [equitable] tolling," *Laws
19   v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply
20   developed, and where it indicates that the [alleged extraordinary circumstance did not]
21   cause the untimely filing of his habeas petition, a district court is not obligated to hold
22   evidentiary hearings to further develop the factual record, notwithstanding a
23   petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010);
24   *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the
25   record is sufficient to permit the district court - and us on appeal - to evaluate the
26   strength of the petitioner's [equitable tolling] claim, the district court does not
27   necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant
28   to 9th Cir. R. 36-3).

1    The Petition does not set forth any facts for equitable tolling.

2    **2.3    Procedural Default**

3    The procedural default doctrine bars review of a petitioner's federal habeas

4    claim when the claim was rejected in state court based on an adequate and independent

5    state procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546

6    (1991). To be independent, such a procedural bar must have arisen from explicit and

7    independent state law. *Id.* at 735; *Harris v. Reed*, 489 U.S. 255, 265, 109 S. Ct. 1038

8    (1989). If the basis of the decision is interwoven with federal law, or if a threshold

9    federal analysis is required, there is no independent basis for the bar, and the petitioner

10   may seek relief in federal court. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

11   For the procedural bar to be adequate, it must be clear, consistently applied, and well

12   established at the time of the alleged default. *Collier v. Bayer*, 408 F.3d 1279, 1284

13   (9th Cir. 2005).

14   The claims Petitioner raises in the pending Petition were all raised in the state

15   courts on collateral review, and were therefore denied as untimely by the superior

16   court.[4/] (Pet. at 5-7; App. C.) Further, the California Court of Appeal's subsequent

17   denial of those claims without substantive comment is presumed to have relied on the

18   superior court's procedural bar. *Ylst*, 501 U.S. at 803.

19   ///

20   The United States Supreme Court has conclusively held that California's

21   timeliness rule is both independent and adequate. *See Walker*, 131 S. Ct. at 1124-31

22

23   [4/]    One of those claims is a *Batson* claim, and Petitioner raised a similar *Batson*

24   claim on direct appeal that was denied on the merits. *See People v. Ceras*, No.
     B240200, 2013 WL 1636457, at *5-10 (Cal. Ct. App. Apr. 17, 2013). However,

25   Petitioner admits that the *Batson* claim he now raises in the Petition, and which he

26   raised in the state courts on collateral review, contains "new points and facts that were
     outside of the appeal record to be exhausted before proceeding to the federal courts."

27   (Motion to Stay at 6.) Consequently, Petitioner's pending *Batson* claim appears to be

28   procedurally barred along with his other five claims.

1    (2011). As a result, the face of the Petition and the attached exhibits establish

2    Petitioner's claims are procedurally defaulted, and "[a]ny arguments that [Petitioner]

3    did, in fact, exhaust his administrative remedies, or that California did not properly

4    apply its own procedures, are not appropriate for this court's consideration." *Id.* (*citing*

5    *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir.1999)).

6         Moreover, the procedural default doctrine still applies even though the superior

7    court alternatively addressed the merits in rejecting some of Petitioner's claims. *See*

8    *Harris*, 489 U.S. at 264 n.10; *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992).

9         A federal habeas court may, however, consider a procedurally defaulted claim

10   if "the prisoner can demonstrate cause for the procedural default and actual prejudice,

11   or demonstrate that the failure to consider the claims will result in a fundamental

12   miscarriage of justice." *See Bennett*, 322 F.3d at 580. (Internal quotations and citation

13   omitted). The miscarriage of justice exception is limited to petitioners who can show

14   that "a constitutional violation has probably resulted in the conviction of one who is

15   actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851 (1995) (citation

16   omitted). In this case, neither the face of the Petition nor the attached exhibits make the

17   required showing that there is cause and actual prejudice, or that the failure to consider

18   Petitioner's claims will result in a fundamental miscarriage of justice.

19        The pending Petition, in addition to being time-barred, contains claims that are

20   procedurally barred.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   **O R D E R**

28        Based on the foregoing, the Court finds this action is untimely, and the pending

Page 14

1  claims are procedurally defaulted. Accordingly, Petitioner shall have until **January 6,**
2  **2014**, to file a written response and show cause why his Petition should not be
3  dismissed with prejudice. In responding to this Order, Petitioner must show by
4  declaration and any properly authenticated exhibits what, if any, factual or legal basis
5  he has for claiming that the Court's foregoing analysis is incorrect.

6       **Petitioner is warned that if a timely response to this Order is not made,**
7  **Petitioner will waive his right to respond and the Court will, without further**
8  **notice, issue an order dismissing the Petition, with prejudice.**

9       **Further, if Petitioner determines the Court's analysis is correct and the**
10 **Petition is time-barred, its claims are procedurally barred, or both, he should**
11 **consider filing a Request for Voluntary Dismissal of this action pursuant to Fed.**
12 **R. Civ. P. 41(a)(1) in lieu of a response.**

13

14      IT IS SO ORDERED.

15

16

17 DATED: December 18, 2014
18                        ARTHUR NAKAZATO
                    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28